# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SEARS, ROEBUCK & CO. | ) | |
| TOOLS MARKETING AND SALES | ) | MDL-1703 |
| PRACTICES LITIGATION | ) | No. 05 C 4742 |
| | ) | |
| ----------------------------------- | | |
| | ) | |
| GUILLERMO GARCIA SANTAMARINA et al., | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05 C 4743 |
| | ) | |
| SEARS, ROEBUCK & CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is part of a multidistrict litigation that was transferred to this court for pretrial proceedings. Before the court is plaintiffs' motion for "reconsideration" of the transferor judge's denial of plaintiffs' motion to remand the case to state court. For the reasons stated below, the motion, which we treat as a motion to remand for lack of subject matter jurisdiction rather than a motion for reconsideration, is granted.

**BACKGROUND**

Plaintiffs Guillermo Garcia Santamarina, Brenda Lifsey, and Chris Wilson bring this action against Sears, Roebuck & Co. ("Sears"), claiming that Sears deceptively advertised its

proprietary line of "Craftsman" tools as manufactured exclusively in the United States ("Made in USA") when, in fact, many of the tools are foreign-made or contain significant foreign parts.

The original complaint in this action was filed by plaintiff Santamarina in state court in Los Angeles County, California on January 7, 2005. Santamarina asserted nine claims, all for consumer-fraud-type violations of California law, and sought to represent a class of "[a]ll persons who purchased Craftsman tools in the State of California from January 6, 2001 through the present." (Civil Complaint, ¶ 23.)

On March 24, 2005, an amended complaint was filed, asserting the same nine claims but adding plaintiffs Lifsey and Wilson and various factual details. The class definition was slightly modified to "[a]ll persons who purchased Craftsman branded tools and products in the State of California from January 6, 2001 through the present." (First Amended Civil Complaint, ¶ 26.)

On April 25, 2005, Sears removed the action to the United States District Court for the Central District of California, asserting diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d) and 1453(b). The case was assigned to Judge Manuel L. Real. Plaintiffs then filed a motion to remand the case to state court, arguing that CAFA by its terms applies only to cases "commenced" on or after the date of its enactment, which was February 18, 2005. Sears's position

was that the filing of plaintiffs' amended complaint on March 24, 2005 had triggered a new filing date, thus "commencing" the action for CAFA purposes.  On July 6, 2005, after full briefing on the motion, Judge Real issued a brief order denying plaintiffs' motion to remand.  Shortly thereafter, the case was transferred to this court by order of the Judicial Panel on Multidistrict Litigation.

Plaintiffs have now filed a motion to reconsider Judge Real's denial of their motion to remand the case to California state court.

## DISCUSSION

Plaintiffs' motion is styled as a motion for reconsideration of Judge Real's denial of their motion to remand, but we believe that it is more appropriately characterized simply as a motion to remand for lack of subject matter jurisdiction.  It is not really a motion asking us to review Judge Real's decision because the majority of the case law on which plaintiffs' argument is based was issued after Judge Real's decision.  Plaintiffs' argument is that CAFA is applicable only to actions commenced on or after February 18, 2005 and that pursuant to recently-issued case law, the action was "commenced" prior to that date, therefore depriving us of subject-matter jurisdiction. (Diversity jurisdiction under CAFA is the only basis for federal jurisdiction asserted by Sears.)

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."  McCready v. White, 417 F.3d

700, 702 (7th Cir. 2005).[1] Subject-matter jurisdiction is an issue that must be considered at any stage of the litigation. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003); BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 551 (7th Cir. 2002) ("[S]ubject-matter jurisdiction . . . may be questioned at any time until the litigation becomes final, and sometimes even later."). Even if the defense of lack of subject-matter jurisdiction is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 132 (3d ed. 2004) (citing Fahnestock v. Reeder, 223 F. Supp. 2d 618, 621 (E.D. Pa. 2002)).

As noted supra, CAFA applies only to cases "commenced on or after" the date of its enactment, which was February 18, 2005. Pub. L. No. 109-2, 119 Stat. 14 (2005). In Knudsen v. Liberty Mutual Insurance Co., 411 F.3d 805, 806 (7th Cir. June 7, 2005), the Seventh Circuit concluded that a civil action is "commenced" for CAFA purposes when it is filed in state court and that routine

---

[1]  As a general rule, when a transferee court such as this court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law. See In re General Am. Life Ins. Co. Sales Practices Litig., 391 F.3d 907, 911 (8th Cir. 2004).

amendments do not "commence" new suits. The Court noted, however, that an amendment to the pleadings that adds a new defendant or a new claim "sufficiently independent of the original contentions" could possibly "commence" a new suit and open a new window of removal. Id. at 807.

Sears, the proponent of federal jurisdiction here, bears the burden of demonstrating the legitimacy of its exercise. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447-48 (7th Cir. 2005). Sears maintains that the filing of the amended complaint "commenced" a new action for two reasons: (1) plaintiffs "greatly expanded the scope of their putative class and changed the entire class theory of liability"; and (2) plaintiffs Lifsey and Wilson were added. (Sears's Response at 8-9.)

Subsequent to Knudsen, the Seventh Circuit has issued opinions that further interpret CAFA and bear directly on Sears's arguments. Schorsch v. Hewlett-Packard Co., 417 F.3d 748 (7th Cir. Aug. 8, 2005) addressed an amendment to the complaint that expanded the class definition. The Court held that state relation-back law supplies the rule of decision as to when a suit is "commenced," and it applied Illinois law, which, like federal law, provides that a claim relates back when it arises out of the same transaction or occurrence as the one identified in the original complaint. Id. at 750-51. The Court found that the amendment to the class definition arose out of the same transaction as a matter of Illinois law, and

it observed:

> Knudsen . . . hold[s], and we reiterate, that creative lawyering will not be allowed to smudge the line drawn by [CAFA]: class actions "commenced" in state court on or before February 18, 2005, remain in state court. Amendments to class definitions do not commence new suits. We can imagine amendments that kick off wholly distinct claims, but the workaday changes routine in class suits do not.

Id. at 751.

In Phillips v. Ford Motor Co., 435 F.3d 785 (7th Cir. Jan. 30, 2006), the Seventh Circuit addressed the topic of Sears's second argument--the addition of named plaintiffs to a class action suit. The Court again applied Illinois law, which in effect allows named plaintiffs to be substituted with relation back, and held as a matter of first impression that amending a state-court class action to add or substitute plaintiffs did not "commence" a new case under CAFA. Id. at 788.

It is an extreme exaggeration to say that the amended complaint in this case "greatly expanded" the scope of the putative class, and simply incorrect to say that it changed the theory of liability. Plaintiffs changed the class definition from "[a]ll persons who purchased Craftsman tools" to "[a]ll persons who purchased Craftsman branded tools and products." This is the same type of "workaday change[] routine in class suits" that failed to commence a new suit in Schorsch. (The Schorsch class definition had been expanded from consumers of printer "drum kits" to

consumers of drum kits, toner cartridges, and ink cartridges.) Moreover, since its inception, this case has always been based on the central allegation that Sears falsely claimed in advertisements and labeling that Craftsman products were "Made in USA." The additional facts pled in the amended complaint do nothing to change the original claims or theory of the case.

Schorsch and Phillips instruct us to look at state relation-back law to determine whether the amendment to the complaint "commenced" a new suit. California law is similar to federal and Illinois law; an amended complaint relates back to the original when it is based on the same general set of facts, seeks relief for the same injuries, and refers to the same incident. See Edwards v. Superior Court, 93 Cal. App. 4th 172, 180 (Cal. Ct. App. 2001). As we have discussed, all three of these factors are satisfied here. Sears cites California case law for the proposition that "filing an amended complaint with substantive changes commences a new action," which begs the question. (Sears's Response at 9.) There were no substantive changes made in the amended complaint.

Sears also cites inapposite California cases that address the addition of defendants to an action, but not the addition of plaintiffs. Under California law, where new plaintiffs are added but do not seek to enforce a right "independent" of that of the putative class (as is the case here), the general relation-back rule applies. See Morgan v. American Int'l Group, Inc., No. C-05-

2798 MMC, 2005 WL 2172001, at *3 (N.D. Cal. Sept. 8, 2005) (citing Jensen v. Royal Pools, 28 Cal. App. 3d 717, 721 (Cal. Ct. App. 1975) and Bartalo v. Superior Court, 51 Cal. App. 3d 526, 533 (Cal. Ct. App. 1975)).

Because recent Seventh Circuit case law (in conjunction with California law) makes clear that the addition of plaintiffs and insubstantial changes to a complaint does not result in the "commencement" of a new complaint under CAFA, CAFA does not confer subject-matter jurisdiction. Therefore, we must remand this action to the California state court.

Plaintiffs contend that we should exercise our discretion under 28 U.S.C. § 1447(c) to order Sears to pay plaintiffs' attorney's fees and costs incurred as a result of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). Given that CAFA went into effect only a month or so before Sears removed the action and that the law of removal under CAFA was in its very early stages, we are unable to say that Sears's removal lacked an objectively reasonable basis. Accordingly, plaintiffs' request for an award of attorney's fees is denied.

## CONCLUSION

Defendant's motion to reconsider the denial of their motion to

remand, which is treated as a motion to remand for lack of subject matter jurisdiction, is granted. Pursuant to 28 U.S.C. § 1447(c), this action is remanded to the Superior Court of California for the County of Los Angeles.

DATE:     May 24, 2006

ENTER:    _____

          John F. Grady, United States District Judge